IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


DEBRA FAHMIE,

      Plaintiff,

v.                                     CASE NO. 4:19cv240-RH-EMT

ANDREW SAUL, Commissioner
of Social Security,

      Defendant.

_____/


**ORDER REVERSING THE DENIAL OF BENEFITS
AND REMANDING FOR FURTHER PROCEEDINGS**

      The plaintiff challenges the denial of her claim for social security disability benefits. The case is before the court on the magistrate judge's report and recommendation, ECF No. 23, the plaintiff's objections, ECF No. 24, and the defendant Commissioner of Social Security's response to the objections, ECF No. 26. I have reviewed de novo the issues raised by the objections.

      The report and recommendation correctly concludes that the denial of benefits must be reversed and the case remanded for further proceedings. This

Case No. 4:19cv240-RH-EMT

order accepts the report and recommendation and adopts it as the court's opinion with the following changes.

First, the plaintiff's age at the date of the administrative law judge's decision was 55.

Second, the plaintiff's severe impairments at step two of the applicable five-step framework include her mental impairments. *See Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1264-69 (11th Cir. 2019). The plaintiff relied heavily on *Schink* in her objections. When required to respond to the objections, the Commissioner wholly ignored *Schink*, apparently unable to suggest any theory on which *Schink* is not controlling on this issue. The Commissioner said the administrative law judge found other severe impairments, making the omission of the mental impairments at step two inconsequential. On remand, the administrative law judge must include the mental impairments at step two.

Third, the plaintiff says her past relevant work does not include work as a musician because it was not productive enough to constitute substantial gainful activity. *See Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952 (11th Cir. 2010) ("Under the pertinent regulations, a claimant's past work experience constitutes past relevant work where it was, 'done within the last 15 years, lasted long enough [for the claimant] to learn to do it, and was substantial gainful activity.'") (brackets in original) (quoting 20 C.F.R. § 404.1565(a); *see also*

*Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir.1991)). In response, the Commissioner says that even if this was not substantial gainful activity—a point the Commissioner does not concede—the administrative law judge could properly consider the plaintiff's work as a musician after the alleged onset date on the question of the plaintiff's ability to do this or other work now. This is the issue at step five. But the plaintiff is correct that the administrative law judge can consider "past relevant work" at step four only if it meets the definition of substantial gainful activity.

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted as set out in this order.

2. The clerk must enter judgment stating, "The Commissioner's decision determining that the claimant is not disabled is reversed. The case is remanded to the Commissioner of Social Security under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this decision."

3. The clerk must close the file.

SO ORDERED on September 28, 2020.

                              s/Robert L. Hinkle
                              United States District Judge